UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LARRY GILMAN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MANNON L. WALTERS, et al., )<br>)<br>Defendants. ) | 3:12-cv-114-SEB-WGH |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION TO STAY FEDERAL PROCEEDINGS
AND COMPEL ARBITRATION**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiffs' Motion to Stay Federal Proceedings and Compel Arbitration filed March 20, 2012. (Docket No. 17). The Defendants' Collective Response to the motion was filed on April 24, 2012. (Docket No. 25). The Plaintiffs' Brief in Reply to Defendants' Opposition to the motion was filed on May 16, 2012. (Docket No. 30). District Judge Sarah Evans Barker referred this motion to the Magistrate Judge for a report and recommendation on December 28, 2012. (Docket No. 63).

### Introduction

Plaintiffs are investors in one or more of the five separate nominal defendant oil and gas limited partnerships. On January 7, 2012, Plaintiffs filed a claim for arbitration with the American Arbitration Association ("AAA"),

asserting 14 claims for relief against the named defendants and seeking equitable, declaratory, and injunctive relief; compensatory, punitive, and treble damages; and attorneys' fees. On January 27, 2012, Plaintiffs filed this Complaint against the same Defendants asserting the same claims for relief and seeking the same remedies and damages.

## Applicable Law

Section 3 of United States Code Title 9 states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties *stay the trial* of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. (Emphasis added).

Section 4 of United States Code Title 9 provides, in pertinent part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

## Report

1. Paragraph 56 of Plaintiffs' Amended Complaint states, in pertinent part, as follows:

>        Plaintiffs and Nominal Defendants have therefore filed a Demand for Arbitration with the American Arbitration Association. Notwithstanding, Plaintiffs and Nominal Defendants have also filed this action to toll the statute of limitations and herein seek a declaratory judgment that the matters contained herein should properly be decided by arbitration.

(Pltf.'s Am. Compl. ¶ 56).

2. In addition to the request for a declaration that the Defendants participate in arbitration, the Amended Complaint contains 14 separate counts seeking equitable, declaratory, and injunctive relief; compensatory, punitive, and treble damages; and attorneys' fees, as a part of their complaint before this court. (*Id.* at 19-48).

3. The Defendants in this case filed with the AAA a "Jurisdictional Response" to the Plaintiff's demand for arbitration. The last communication from the AAA states, in pertinent part:

>    The Association has reviewed Respondents' Jurisdictional Response and Claimants' Reply to Respondents['] Objection to "AAA" Jurisdiction.
>
>    The filing requirements contained in the AAA's Rules have been met by the Claimants. After a review of the file, the AAA has determined that Claimants have met the filing requirements by filing a demand for arbitration providing for administration by the AAA under its Rules.
>
>    However, the Claimants' have filed for arbitration on a consolidated basis pursuant to a number of contracts containing arbitration clauses. Inasmuch as there is no agreement by the parties to proceed with the arbitration on a consolidated basis, Claimants are requested to amend their demand so that only the signatories to a single contract are identified as parties in the case. Claimants will need to file separate arbitrations for their claims arising under each of the contracts containing arbitration clauses.

> Once the amended demand is filed for this case, the parties may submit their jurisdictional or arbitrability arguments to the arbitration panel for determination. If additional cases are filed, the parties may also raise their contentions regarding these issues to the panels in those cases.
>
> Upon receipt of an amended demand for this matter consistent with the requirements outlined above, the AAA will proceed with continued administration of this matter.
>
> The AAA will also abide by any order issued by the courts. We note that Claimants' have filed a Motion to Stay Federal Proceedings and Compel Arbitration. The parties are requested to keep us informed as to the outcome.

(Deft.'s Resp. Ex. 1).

4. From the latest communication from the AAA, the Magistrate Judge concludes that the Defendants have not failed, neglected, or refused to arbitrate under a written agreement for arbitration because the Defendants have appeared in the AAA proceeding, filed a response, and that matter may proceed upon the filing of an "amended demand." Because the Defendants have not failed, neglected, or refused to arbitrate under a written agreement, Plaintiffs are not entitled to relief under 9 U.S.C. § 4.

5. In this complex set of claims, there are a number of pertinent documents. However, under paragraph 69 of the Amended Complaint, Plaintiffs are *all* individuals who purchased ownership in limited partnership investments sold by Defendant Mannon L. Walters or entities owned or controlled by him.

6. So far as the Magistrate Judge can determine from the matters presented to him, the "Agreement of Limited Partnership" applicable to *all* limited partnerships includes paragraph 8.03, which provides, in pertinent part:

> Any controversy or claim arising out of or relating [to] this Agreement shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, in Evansville, Indiana; and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

7. The claims brought in the Amended Complaint include but are not limited to: Plaintiffs' request to obtain the partnership's participants list; the right to obtain an actual audit of the books and records of the partnership (Pltf.'s Am. Compl. ¶ 102); the conversion of all investor general partner units to limited partner units (*id.* ¶ 119); breach of the limited partnership agreement with respect to books and records (*id.* ¶ 133); and the condition of the wells (*id.* ¶ 135). All of these issues are clearly issues referable to arbitration under the agreement.

8. Because there are at least some issues which are referable to arbitration under the agreement, pursuant to 9 U.S.C. § 3, this court must "stay" the *trial* of this action until the completion of the arbitration.

9. Although the court must "stay" the *trial* of the action, the statute does not provide that the court loses jurisdiction over all aspects of the case before the court.

10.  Pursuant to the rules of law and their inherent powers of equity, federal district courts have the power to appoint receivers to preserve assets and rights during litigation:

> The appointment of a receiver is an especially appropriate remedy in cases involving fraud and the possible dissipation of assets since the primary consideration in determining whether to appoint a receiver is the necessity to protect, conserve, and administer property pending final disposition of the suit.

*Matter of McGaughey*, 24 F.3d 904, 907-08 (7th Cir. 1994)(citations omitted).

11.  The allegations in the Plaintiffs' Amended Complaint and in the AAA proceeding include issues of the potential for dissipation of assets and perhaps even of fraud.  The court may therefore retain jurisdiction to determine whether to appoint a receiver while the arbitration is ongoing.

### Recommendation

Based on the foregoing findings, the Magistrate Judge recommends as follows:

1.  This court should **GRANT, in part,** and **DENY, in part,** the Motion to Stay Federal Proceedings and Compel Arbitration, as follows:

(a)  So long as the arbitration currently before the AAA has not been dismissed, this court should **DENY** the Motion to Compel Arbitration because that arbitration continues.

(b)  So long as the current arbitration has not been dismissed by the parties, the court should **GRANT** the Motion to Stay the *trial* of these proceedings until the completion of arbitration.

2. The Magistrate Judge should conduct a hearing with respect to the need to appoint a receiver under these circumstances according to the schedule previously laid out by the Magistrate Judge.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Any party shall have fourteen (14) days from the date of service to file written objections to this Report and Recommendation.

**SO RECOMMENDED** the 31st day of January, 2013.

*[signature]*
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**