UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LARRY GILMAN, et. al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:12-cv-114- SEB-WGH |
| vs. ) | |
| ) | |
| MANNON L. WATERS, et. al, ) | |
| ) | |
| Defendants. ) | |

**ORDER OVERRULING DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ISSUED ON JANUARY 31, 2013**

**AND**

**ORDER REFERRING DEFENDANTS' MOTION TO DISMISS TO MAGISTRATE JUDGE**

Defendants, by counsel, have filed their objection to the Magistrate Judge's Report and Recommendation on Motion to Stay Federal Proceedings and Compel Arbitration. The undersigned judge referred the Plaintiffs' Motion to Stay Federal Proceedings and Compel Arbitration on December 28, 2012, and the Magistrate Judge's Report and Recommendation, issued on January 31, 2013, prompted the filing of Defendants' objection on February 11, 2013. We address the Magistrate Judge's Report/Recommendation as well as Defendants' objection here and order a second referral, namely, to the Magistrate Judge to consider and report back on Defendants' pending Motion to Dismiss.

The Magistrate Judge, after a thorough, cogent and entirely correct analysis of the issues submitted to him on referral by the Court relating to Plaintiffs' Motion to Stay, recommended that the motion be granted in part and denied in part, to wit, recommending that so long as the arbitration proceedings remain pending before the AAA (as they were at the time the Magistrate Judge reached his conclusions), the Motion to Compel Arbitration should be denied (presumably as moot), and so long as the arbitration remains pending, the Motion to Stay the trial of these proceedings until completion of arbitration should be granted.

Defendants' objections, fairly summarized, are two: first, their motion to dismiss this cause of action for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(b)(6) remains unresolved by the Court and until jurisdiction is properly established, the Court lacks power to enter

any orders or exercise any power over the parties in this litigation, including granting the Motion to Stay; second, any stay that might be imposed, if it is only directed towards staying the trial itself, will result in wasteful redundancies and expenditures of resources by the parties as they are required to litigate simultaneously in both the judicial and arbitral fora. Requiring such excessive investments would be plainly unjust.

The stay of the trial, as the Magistrate Judge ruled, reflects the clear wording of the statute indicating that when arbitration is underway the Court should stay the trial to allow the arbitration to be completed. 9 U.S.C. § 3. (Paras. 8 and 9, MJ R&R) With regard to the duplications of effort and costs that might result if both cases are to be litigated simultaneously, the Court has the inherent power to organize the schedule and the course of litigation activities to prevent or at least to ameliorate those costly consequences.

Therefore, the Objection to the Magistrate Judge's Report and Recommendation is hereby **OVERRULED**, for the reason that the recommendations set out therein are neither clearly erroneous nor contrary to law. *See* Title 28, United States Code, Section 636(b)(1)(A). Accordingly, we hereby **ADOPT** the recommendations contained in the Magistrate Judge's Report. However, we will reconsider this ruling if, following completion of the procedures detailed below in the following paragraph of this order, the Court determines that the Plaintiffs have failed to establish the jurisdictional requirements underlying their claims and Defendants' Motion to Dismiss is granted.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), the Court hereby **REFERS** the Defendants' Motion to Dismiss Plaintiff's First Amended Verified Complaint for a report and recommendation as to the appropriate disposition of those contentions.

The Docket reflects that a hearing is currently set for **April 3, 2013**, before the Magistrate Judge on the Motion to Stay Federal Proceedings and Compel Arbitration and to address issues relating to the appointment of a receiver. The undersigned judge requests that the scope of that hearing be expanded to allow the Magistrate Judge to address with counsel matters raised in Defendants' Motion to Dismiss to expedite a ruling on that motion. Having subjected the pending motion to dismiss to careful review, it is clear to this judge that many factual and legal issues remain vaguely asserted and/or unresolved, which matters bear directly on our jurisdiction over this litigation. Counsel should be prepared to supply such additional information in response to the questions raised by the Magistrate Judge at the upcoming hearing.

IT IS SO ORDERED.

Date: 03/29/2013

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, PC
tkcaldwell@mhclaw.com

Clay W. Havill
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
chavill@zsws.com

Timothy John Kirk
MADDOX HARGETT & CARUSO, PC
kirktjohn@mhclaw.com

Mark E. Maddox
MADDOX HARGETT & CARUSO, PC
mmaddox@mhclaw.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Edwin L. Sisam
SISAM & ASSOCIATES, LLP
ed@sisam.com

Joshua H. Sisam
SISAM & ASSOCIATES, LLP
josh@sisam.com