UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LARRY GILMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 3:12-cv-114-SEB-WGH |
| ) | |
| MANNON L. WALTERS, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION TO DISMISS
## FIRST AMENDED VERIFIED COMPLAINT

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, upon the referral by District Judge Sarah Evans Barker entered on March 29, 2013 (Docket No. 72), for a report and recommendation as to the Defendants' Motion to Dismiss First Amended Verified Complaint filed on June 28, 2012 (Docket Nos. 40-41).  A Plaintiffs' and Nominal Defendants' Response in Opposition to Defendants' Second Motion to Dismiss was filed on July 26, 2012.  (Docket No. 53).  The Defendants' Reply Brief was filed on August 6, 2012.  (Docket No. 55).  The Magistrate Judge heard oral arguments on April 3, 2013.

The Magistrate Judge, being duly advised, now **RECOMMENDS** that the Motion to Dismiss be denied.

The First Amended Verified Complaint is brought by certain Plaintiffs who are investors in limited partnerships against General Partner Mannon L. Walters, Ivy Morris, and corporations controlled by Walters and Morris. The Complaint pleads claims in 14 counts and, in addition, seeks that the court "pierce the corporate veil."

Counts II through XI of the Complaint allege various state law claims seeking temporary injunctive relief, breach of fiduciary duty, and various types of breach of contract claims. The following counts arguably raise federal questions:

>Count I, Declaratory Judgment;

>Count XII, Failure to Register – Violations of Federal Securities Law and State Blue Sky Laws;

>Count XIII, Deceptive Trade – Violation of Federal Securities Laws and State Blue Sky Laws; and

>Count XIV, Violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act.

**Issue 1:    Does this court have jurisdiction by virtue of diversity of citizenship with respect to this Complaint?**

The Magistrate Judge concludes that the First Amended Verified Complaint does not plead sufficient jurisdictional facts to enable this court to find that there is jurisdiction by virtue of diversity of citizenship. Specifically, there are certain Plaintiffs in this case that are limited liability corporations. Plaintiffs have failed to plead and identify all the members of the limited liability corporations, as required, to determine whether diversity jurisdiction exists.

*Muscarello v. Ogle County Bd. of Commissioners*, 610 F.3d 416, 424 (7th Cir. 2010). In addition, this action is brought as a derivative action against certain Delaware, Texas, and Indiana limited partnerships. In a derivative action, the corporation is a necessary party to the action, and without it, the case cannot proceed. *Hale v. Victor Chu*, 614 F.3d 741, 743 n.1 (7th Cir. 2010). Although the Magistrate Judge does not find specific Seventh Circuit precedent addressing whether a limited partnership named as a nominal defendant should be considered a real party in interest in a derivative action, other district courts have done so, as cited at page 7 of the Defendants' brief. The Magistrate Judge believes those cases to be persuasive authority. Because Plaintiffs have not been able to establish the citizenship of all of the limited partners in the limited partnerships (perhaps because of Defendants' refusal to provide that information), the Magistrate Judge is unable to conclude that Plaintiffs have established that complete diversity exists at this time.

**Issue 2:    Is there jurisdiction because of the existence of a federal question under 28 U.S.C. § 1331?**

### Count XIV

The Magistrate Judge concludes that there is federal question jurisdiction in that Defendants have properly pled a claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act in Count XIV of the First Amended Verified Complaint.

To state a viable cause of action under 18 U.S.C. § 1962(c), a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern of

racketeering activity. *Slaney v. The International Amateur Athletic Federation*, 244 F.3d 580, 597 (7th Cir. 2001). In addition, allegations of fraud in a civil RICO complaint are subject to the heightened pleadings standard of FED. R. CIV. P. 9(b), which requires the pleading of all averments of fraud with particularity. A RICO claim must, at a minimum, describe "two predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Slaney,* 244 F.3d at 597(*citing Goran v. New Vision Intern., Inc.*, 156 F.3d 721, 726, 728-29 (7th Cir. 1998)).

  The Plaintiffs' First Amended Verified Complaint, at paragraph 201, states with requisite specificity the time, place, and content of alleged false representations, the manner by which the misrepresentations were communicated, and the identity of the parties to those misrepresentations. Specifically, it is alleged that on a monthly basis between 2005 and 2012, and in each years' annual reports, Defendants Walters and Morris, through the enterprise of their LLCs, mailed financial statements and limited partnership production distribution reports which were false in that they did not contain actual "operating expenses" for each well, the amount of oil sold, and the amount of revenues. While these allegations do not contain precise dollar amounts for the revenues or expenses, or the precise amounts of oil misrepresented, that information is clearly only within the control of the

Defendants. Paragraph 201 specifically pleads that these misrepresentations were sent via mail and wire on a monthly basis during the time periods specified and were generated by Defendants Walters and Morris and received by all the investors in these partnerships, specifically including the Plaintiffs. The Rule 9 heightened pleading standard is applied less stringently when specific factual information about the fraud is peculiarly within the Defendants' knowledge or control. *U.S. ex rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir. 1999).

**Count I**

As the district court discusses in *Kalbfleisch ex rel. Kalbfleisch v. Columbia Community Unit School Dist. No. 4*, 644 F.Supp.2d 1084, 1090 (S.D. Ill. 2009), there are a limited number of cases under which, even if state law creates the cause of action, some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims. Specifically, a case may have a "substantial federal question for purposes of subject matter jurisdiction, even though no issue of federal law appears on the face of the complaint. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312-20, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Here, the Plaintiffs' state law claims of breach of contract and implied covenant of good faith and fair dealing raise a substantial question of federal law because the vindication of the Plaintiffs' rights turns on the construction of the Privacy Act, 5 U.S.C. § 552(a). Because Defendants have refused to produce partnership

information based upon a citation to federal privacy law, a resolution of whether that federal privacy law does in fact apply is essential to the determination of the underlying state court claim. For this reason, there is federal question jurisdiction to consider this case under Count I.

### Counts XII and XIII

Because this court will have concluded that federal question jurisdiction does exist under Counts XIV and I, the court need not address at this time whether there are violations of federal securities law by failing to register these investments, or whether there have been deceptive trade practices. The parties dispute the appropriate statute of limitations to be applied to these claims. In *Merck & Co., Inc. v. Reynolds*, 130 S.Ct. 1784 (2010), the United States Supreme Court concluded that "[c]onstruing this limitations statute for the first time, we hold that a cause of action accrues (1) when the plaintiff did in fact discover, or (2) when a reasonably diligent plaintiff would have discovered, 'the facts constituting the violation' . . . include the fact of scienter, 'a mental state embracing intent to deceive, manipulate, or defraud.'" *Id.* at 1789-90.

The question of whether Plaintiffs were reasonably diligent and, in fact, discovered facts involving "scienter" requires the exploration of facts that are not before the court at this time. Those facts may be developed before the arbitrator and resolved as a part of any arbitration proceeding.

## Recommendation

The Magistrate Judge **RECOMMENDS** that this court deny the Defendants' Second Motion to Dismiss because: (1) there is an appropriately pled claim under 18 U.S.C. § 1962; (2) a federal question concerning the applicability of 5 U.S.C. § 552(a) to the resolution of underlying state court claims; and (3) potential remaining federal claims subject to more full factual development to determine whether they have been brought within an appropriate limitations period. Together these matters establish an appropriate basis for federal question jurisdiction.

**SO RECOMMENDED** this 26th day of April, 2013.

_William G. Hussmann, Jr._
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**