UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LARRY GILMAN, et al., individually, and in the right of and for the benefit of, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 3:12-cv-00114-SEB-WGH ) |
| MANNON L. WALTERS, et al., | ) ) |
| Defendants. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS ON MOTION TO DISMISS AND MOTION TO APPOINT RECEIVER**

This cause is before the Court on the parties' objections to the Magistrate Judge's Reports and Recommendations on Defendants' Motion to Dismiss and Plaintiffs' Motion to Appoint Receiver [Docket Nos. 75 and 76], respectively, in which the Magistrate Judge recommends that both motions be denied. The issues underlying these motions have been extensively briefed by the parties on a number of occasions. In addition, the Magistrate Judge held two hearings during which the parties had the opportunity to present argument and evidence in support of their positions on these issues.

**I.    Defendants' Objection to Magistrate Judge's Report and Recommendation on Motion to Dismiss [Docket No. 75]**

Defendants object to the Magistrate Judge's Report and Recommendation recommending that the Court deny Defendants' motion to dismiss, arguing that the Magistrate's Report is clearly erroneous in the following four respects: for concluding that Plaintiffs' state law claims for breach of contract and the implied covenant of good faith and fair dealing raise a substantial

1

question of federal law because their resolution "turns on the construction of the Privacy Act, 5 U.S.C. § 552(a)"; for concluding that federal question jurisdiction exists based his finding that Plaintiffs have properly pled a RICO claim; for failing to properly assess whether Plaintiffs had sufficiently pled a securities fraud claim; and for failing to dismiss Plaintiffs' failure to register securities claim based on a statute of repose.

Under Federal Rule of Civil Procedure 72(b), the District Court reviews the Magistrate Judge's recommended disposition *de novo*. Having reviewed the Magistrate Judge's Report and Recommendation on Defendants' motion to dismiss, we hereby adopt the opinion as our own. The Magistrate Judge clearly and adequately explained his reasoning underlying his findings regarding federal jurisdiction. He also persuasively explained the reason(s) for further factual development of Plaintiffs' other potential federal claims before a final ruling is possible. Whether Plaintiffs ultimately will prevail on their claims remains to be determined, but at this point they may proceed to litigate their case. Accordingly, we OVERRULE Defendants' objections and ADOPT the recommendations set forth in the Magistrate Judge's Report regarding Defendants' motion to dismiss. Defendants' motion is thus DENIED.

## II. Defendants' Objection to Magistrate Judge's Report and Recommendation on Motion to Appoint Receiver [Docket No. 76]

Plaintiffs sought the appointment of a receiver, which request the Magistrate Judge recommended be denied. Defendants have filed their objection to this recommendation that Plaintiffs' motion to appoint a receiver be denied, not to that conclusion as such, but to the Report's finding that "there is at least substantial evidence from which a finder of fact could conclude that a fraud has been or is taking place with respect to these partnerships." Report at 5. Defendants challenge this finding on the grounds that it is based on nothing more than

speculation and inadmissible hearsay. Thus, they contend that Issue 1, footnotes 4 and 5, and the "Conclusion and Recommendation" that "Plaintiffs have brought forward some evidence to show fraudulent conduct" should be stricken from the Report.

Upon review of the Magistrate Judge's recommendations regarding appointment of a receiver, we find his analysis to be well-reasoned and thorough. Moreover, he has made clear that his findings with regard to the possibility of fraudulent conduct are merely preliminary, noting that it is "premature to determine that a fraud has been or is being conducted at this time…." Dkt. No. 76 at 3. For these reasons, we hereby <u>OVERRULE</u> Defendants' objection and <u>ADOPT</u> the recommendations contained in the Magistrate Judge's Report and Recommendation regarding Plaintiffs' request for the appointment of a receiver. Accordingly, Plaintiffs' motion to appoint a receiver is <u>DENIED</u>.[1]

IT IS SO ORDERED.

Date:   08/21/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Plaintiffs have not filed an objection to the Magistrate Judge's Report on Recommendation regarding the appointment of a receiver. However, in their response to Defendants' objections, Plaintiffs request that to the extent that the Magistrate Judge's recommendation was based on his conclusion that there was insufficient evidence to establish immediate harm, the Court consider the Magistrate Judge's finding that relevant information is "clearly only within the control of the defendants," Dkt. No. 75 at 4-5, which, according to Plaintiffs, makes the imminence of the harm impossible to determine. We have considered Plaintiffs' request, finding in it no basis on which we should not adopt the Magistrate Judge's recommendation.

Distribution:

Mark E. Maddox
MADDOX HARGETT & CARUSO, PC
mmaddox@mhclaw.com

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, PC
tkcaldwell@mhclaw.com

Timothy John Kirk
MADDOX HARGETT & CARUSO, PC
kirktjohn@mhclaw.com

Edwin L. Sisam
SISAM & ASSOCIATES, LLP
ed@sisam.com

Joshua H. Sisam
SISAM & ASSOCIATES, LLP
josh@sisam.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Clay W. Havill
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
chavill@zsws.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com