UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LARRY GILMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:12-cv-114-SEB-WGH |
| | ) | |
| MANNON L. WALTERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON PLAINTIFFS' AND NOMINAL DEFENDANTS' MOTION PROTECTIVE ORDER

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, upon the Plaintiffs' and Nominal Defendants' Motion for Protective Order. (Docket No. 84). The Magistrate Judge, being duly advised, declines to enter the Plaintiff's Proposed Protective Order but **GRANTS** the motion subject to the following Order.

### Protective Order

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and the mandates set forth in *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 945 (7th Cir. 1999), the following terms and conditions regarding discovery in this case shall apply. This Protective Order is limited to pretrial discovery only. If a party desires documents or information to be sealed from public record, the party must comply with Southern District

of Indiana Local Rule 5.3 and demonstrate good cause for such action in accordance with Federal Rule of Civil Procedure 26(c). All items sealed prior to trial shall automatically be unsealed at the commencement of any trial, whether by court or jury.

### 1. Definition of Confidential Information

As used herein, the term "Confidential Information" means financial information or documents pertaining to Mannon L. Walters 2005 A1, L.P., a Delaware Limited Partnership; Mannon L. Walters 2005 A2, L.P., a Delaware Limited Partnership; Mannon L. Walters 2006 A, L.P., a Texas Limited Partnership; Mannon L. Walters 2006 B1, L.P., an Indiana Limited Partnership; and Mannon L. Walters 2007 A, L.P., an Indiana Limited Partnership.

### 2. Protection of Confidentiality

Confidential Information and any notes, summaries, memoranda, exhibits, or other documents which include or describe Confidential Information shall be retained by counsel for the Party to whom disclosure of the Confidential Information was made (the "Recipient Party") and, except as provided in Paragraphs 3 and 4, shall not be disclosed to any person or used by counsel for any Party other than for purposes of this action. Persons to whom access to Confidential Information or depositions is given pursuant to this Order shall keep such information and any copies, abstracts, or summaries thereof secure in accordance with the purposes and intent of this Order and shall adopt and employ all suitable precautions to ensure continued

confidentiality, non-use, and non-disclosure including, without limitation, such precautions as protection against unauthorized copying and provision for safekeeping.

### 3. Access to Confidential Information

Except as provided in Paragraph 5 below, or as limited by designation for "Attorneys' Eyes Only," or as set forth by Court order, the only persons entitled to have access to Confidential Information produced by another Party shall be Parties, counsel charged with responsibility for or actively engaged in the trial (or preparing for the trial) of this action, employees of such counsel, and the officers of each Party.

### 4. Prospective Law and Expert Witnesses

In the event that counsel for a Recipient Party believes that it is necessary to disclose any Confidential Information to any prospective lay or expert witness who is consulted in the course of preparing for trial, at least ten (10) days prior to making a disclosure to such person or persons, counsel for the Party desiring to do so shall give written notice thereof to opposing counsel.  Such notice shall identify the person or persons to whom disclosure is to be made and describe the Confidential Information intended to be disclosed to such person or persons.  If the Designating Party objects to disclosure of the specified Confidential Information to such person or persons, it shall notify the Party desiring to make said disclosure of its objection in writing within the ten (10) day period, and the Recipient Party shall move the

Court within seven (7) days after the Designating Party objects for a ruling on whether said Confidential Information may be so disclosed. In the event of such a motion, disclosure of the Confidential Information to such person or persons shall not be made pending the ruling of the Court.

**5. Conditions to Access to Confidential Information**

Before Confidential Information is disclosed to any person specified in Paragraphs 3 and 4 (other than the Parties, counsel for each Party, and employees of such counsel as discussed in Paragraph 3), that person shall first read a copy of this Order, agree to be bound by it, and sign a written agreement (the "Confidentiality Agreement"), a copy of which is appended to this Order. Each Party's counsel shall maintain a list of all persons to whom they disclose Confidential Information and shall retain a copy of all Confidentiality Agreements and Affidavits of Outside Experts signed by such persons.

**6. Limitations on Copying**

No copies, summaries or abstracts of Confidential Information shall be made by a Party, or its trial attorneys, for distribution or use by persons other than those described in Paragraphs 3 and 4.

**7. Depositions**

Any deposition or portion thereof during which Confidential Information is being disclosed shall be taken as if *in camera* without any persons in attendance other than those described in Paragraphs 4 and 5 of this Order, the deposition witness, and court reporters.

### 8. Confidential Information to Be Filed with Court Under Seal

Confidential Information, as defined in this Order and as approved by the Court, shall not be filed in the public record of this litigation. After application to the Court and showing of good cause and compliance with Southern District of Indiana Local Rule 5.3, the following shall be filed in sealed envelopes or other appropriate sealed containers: (a) portion of the transcript of every deposition and all exhibits, answers to interrogatories, and responses to requests for production that are filed with the Court and designated Confidential Information; and (b) all portions of all pleadings, motions, briefs, memoranda, or other documents that are filed with the Court and purport to reproduce or paraphrase Confidential Information. Such sealed envelopes or other appropriate sealed containers shall bear the title of this action, an indication of the nature of the contents of the envelope or container, the words "CONFIDENTIAL–PROTECTIVE ORDER," and a statement substantially in the following form:

### CONFIDENTIAL

This envelope contains a deposition transcript, document, or information which has been designated as confidential and is not to be opened. Its contents are not to be disclosed to any person other than the Court or its Clerks except by order of the Court or upon stipulation of the Parties.

The fact that the entire transcript, answers, or response are filed under seal shall not thereby restrict any use which may be made of any part of such transcript, answers, or response not designated as confidential.

If the Recipient Party desires to make Confidential Information a matter of public record by filing such Confidential Information with the Court, the Recipient Party must notify the Designating Party at least ten (10) days prior to filing any such Confidential Information to allow the Designating Party to move the Court to seal the Confidential Information for good cause.

**9.  Time for Designation of Confidential Information**

Each Party shall, at the time of the deposition, if possible, but not later than fifteen (15) days following the date of mailing of the deposition transcript, designate those portions of the deposition testimony which it deems to contain Confidential Information.

**10.  Dispute as to Confidentiality**

Any Party or any interested member of the public may contest the confidential status of any information designated as "Confidential Information" or as "Confidential Information for Attorneys' Eyes Only."  If a Party disagrees with any designation of any information, it shall notify counsel for the other Parties, and they shall attempt to resolve the dispute by agreement.  If the dispute is not so resolved, the information shall continue to be kept confidential unless and until the Court rules otherwise in accordance with the Federal Rules of Civil Procedure.  At any hearing to determine the confidential status of any information, the Party designating the information as confidential shall have the burden of showing why such information should be confidential.

**11. Other Persons**

Each Party retains the right to oppose on any grounds disclosure of any Confidential Information to persons not designated in Paragraphs 2, 3, and 4.

**12. Voluntary Waiver**

At any time after any information, document, or deposition testimony is designated as confidential under this Order, the Designating Party may agree in writing that the Confidential Information may be disclosed to designated persons employed by the Recipient Party, and the Designating Party may waive the ten (10) day period set forth in Paragraph 4 of this Order.  Any such agreement or waiver must also be in writing or by statement made on the record at a deposition.

**13. Non-waiver of Privilege**

The production by a Party or Non-Party of any privileged or arguably privileged materials or information shall not be deemed to be:  (a) a general waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection; (b) a specific waiver of any such privilege with respect to the material being produced or any subject matter thereof; or (c) a waiver of any other rights the producing Party or Non-Party may have under any applicable law.  Upon the producing Party's or Non-Party's request, the parties agree to return to the producing Party or Non-Party inadvertently produced privileged materials.

**14. No Restriction on Use of Party's or Non-Party's Own Information**

Nothing in this Order shall prevent a Party or Non-Party from any use of its own Confidential Information.

**15. Retained Jurisdiction**

The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of materials containing Confidential Information at the termination of this action for the period of one year.

**16. Amendment**

This Order may be amended by the written agreement of counsel for the Parties in the form of a stipulation that shall be approved by the Court and filed herein.

**17. Disposition on Termination of Action**

After the final termination of this action, and unless the Parties agree otherwise, each Party shall:

(a) assemble and make available for return to the Designating Party all materials, documents, summaries, computer records, and abstracts containing Confidential Information;

(b) make available for return or destroy every portion of other materials, memoranda, or documents purporting to reproduce or paraphrase Confidential Information;

(c) certify in writing that the procedures set forth above have been completed; and

(d) agree not to disclose the substance of any Confidential Information revealed to it by the Designating Party.

### 18. Damages Are Presumed in the Event of a Breach of this Agreement

Should any Party be found by this Court to have breached this Order, the breaching Party will pay all damages caused by the breach.  Should the damages not be capable of precise ascertainment, then the offending Party shall pay liquidated damages of $500.  Attorneys' fees will be awarded to the prevailing Party with respect to the determination of the breach.

### 19. Challenges to the Protective Order by Third Parties

Any third party, including any interested member of the public, may challenge the provisions of this Protective Order by filing an appropriate motion with this Court.

### 20. Compliance with Seventh Circuit Case Law

This Protective Order is intended to comply with the mandates set forth by the Seventh Circuit in *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 945 (7th Cir. 1999), *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002), and *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000).

**SO ORDERED.**

**Dated:** October 3, 2013

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**