UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LARRY GILMAN, *et al.* </br> Plaintiffs, </br> vs. </br> MANNON L. WALTERS individually, *et al.* </br> Defendants. | No. 3:12-cv-00114-SEB-WGH |

**ORDER ON PENDING MOTIONS**
[Docket Nos. 83, 88, 98, and 104]

This cause is now before the Court on Defendants' Objection to Discovery Order [Docket No. 83] filed on August 23, 2013; Defendant's Motion to Dismiss for Lack of Prosecution or, in the Alternative, Motion to Compel Arbitration [Docket No. 88] filed on September 5, 2013; and Plaintiffs' Motion for Order of Clarification [Docket No. 104] filed on October 10, 2013.[1]  Before delving into the merits of these motions, a reprise of the timeline of events leading up to their filing is necessary.

**Procedural Background**

On January 7, 2012, Plaintiffs filed a consolidated arbitration claim with the American Arbitration Association ("AAA").  On January 27, 2012, after Defendants failed to file a responsive statement with the AAA, Plaintiffs filed the instant lawsuit in

---

[1] On September 25, 2013, Plaintiffs filed a Motion for Court to Consider Responsive Exhibits [Docket No. 98].  Because Defendants do not oppose the Court's consideration of Plaintiffs' exhibits, we GRANT Plaintiffs' motion.

1

order to "toll the statute of limitations and seek a declaratory judgment that the matters contained herein should be properly decided by arbitration." Compl. ¶ 55; Am. Compl. ¶ 56.

After being granted several extensions of time by the AAA, on March 20, 2012, Defendants (finally) objected to Plaintiffs' consolidated arbitration claim. In an email dated April 10, 2012, the AAA responded to Defendants' objection, stating in relevant part as follows:

> [T]he Claimants[] have filed for arbitration on a consolidated basis pursuant to a number of contracts containing arbitration clauses. Inasmuch as there is no agreement by the parties to proceed with the arbitration on a consolidated basis, Claimants are requested to amend their demand so that only the signatories to a single contract are identified as parties in the case. Claimants will need to file separate arbitrations for their claims arising under each of the contracts containing arbitration clauses.
>
> Once the amended demand is filed for this case, the parties may submit their jurisdictional or arbitrability arguments to the arbitration panel for determination. If additional cases are filed, the parties may also raise their contentions regarding these issues to the panels in those cases.
>
> Upon receipt of an amended demand for this matter consistent with the requirements outlined above, the AAA will proceed with continued administration of this matter.
>
> The AAA will also abide by any order issued by the courts. We note that Claimants[] have filed a Motion to Stay Federal Proceedings and Compel Arbitration. The parties are requested to keep us informed as to the outcome.
>
> If either party desires a conference call to discuss this issue, please let us know your availability and we will schedule a call with both parties.

Docket No. 85-2.

As referenced in the AAA's email, Plaintiffs filed a Motion to Stay Federal Proceedings and Compel Arbitration with this Court on March 20, 2012 (the same day that Defendants filed their objection with the AAA).  On April 24, 2012, Defendants filed with the Court their first motion to dismiss for lack of jurisdiction and failure to state a claim.  On June 28, 2012, Defendants filed a second motion to dismiss asserting a lack of jurisdiction and failure to state a claim (Defendants' first motion to dismiss became moot with the filing of Plaintiffs' amended complaint) as well as a motion that was subsequently granted for intra-district transfer of venue from the Indianapolis Division to the Evansville Division.  Three months later, on September 17, 2012, Plaintiffs filed a Motion to Appoint Receiver.

On January 31, 2013, the Magistrate Judge issued his report and recommendation on Plaintiffs' Motion to Stay Federal Proceedings and Compel Arbitration, recommending in relevant part as follows:

> Defendants have appeared in the AAA proceeding, filed a response, and that matter may proceed upon the filing of an "amended demand."  Because the Defendants have not failed, neglected, or refused to arbitrate under written agreement, Plaintiffs are not entitled to relief under 9 U.S.C. § 4.
>
> …
>
> a.  So long as the arbitration currently before the AAA has not been dismissed, this court should deny the Motion to Compel Arbitration because that arbitration continues.
>
> b.  So long as the current arbitration has not been dismissed by the parties, the court should grant the Motion to stay the trial of these proceedings until completion of arbitration.

3

Docket No. 68 at 4, 6 (emphasis omitted).  The Magistrate Judge further concluded that, "[a]lthough the court must 'stay' the *trial* of the action, [9 U.S.C. § 4] does not provide that the court loses jurisdiction over all aspects of the case before the court." *Id.* at 5.  Thus, the Magistrate Judge recommended that the court retain jurisdiction to determine whether to appoint a receiver while the arbitration process continued.  On March 29, 2013, the Magistrate Judge's report and recommendation was accepted by the undersigned judge as to Plaintiffs' motion to stay federal proceedings and compel arbitration.

The Magistrate Judge issued his reports and recommendations on Defendants' Second Motion to Dismiss and Plaintiffs' Motion to Appoint a Receiver on April 26, 2013 and April 29, 2013, respectively, recommending that both motions be denied.  On August 22, 2013, those reports and recommendations were adopted and both motions were denied.

On August 14, 2013, approximately one week before the Court denied Defendants' second motion to dismiss, the Magistrate Judge conducted a settlement conference with the parties.  On August 15, 2013, the Magistrate Judge ordered that, despite the stay of the trial pending completion of arbitration, given the court's continuing jurisdiction over some aspects of the matter, it would be "beneficial to the resolution of the dispute between the parties if limited discovery, which includes the use of interrogatories, requests for production, and requests for admissions only" were undertaken.  Docket No. 81.  The Magistrate Judge limited the scope of discovery "as closely as possible to conform to the AAA rules that are likely to apply if this matter is

4

resolved my arbitration." *Id.* The Magistrate Judge further ordered the parties to execute an agreed protective agreement.

On August 23, 2013, Defendants filed the instant objection to the Magistrate Judge's order contending that, given Plaintiffs' failure to file an amended demand for arbitration per the AAA's instructions, despite an opportunity to do so beginning on April 10, 2012, the Magistrate Judge's discovery order serves only to incent Plaintiffs to engage in further delay in terms of their filing an amended demand. Defendants further argue that, without an amended demand, it is impossible for the parties to know what discovery is likely to be relevant to the arbitration. On October 3, 2013, Judge Hussmann stayed his prior discovery order pending a ruling on Defendants' objection.

Prior to the October 3 stay of discovery, on September 5, 2013, Defendants filed a Motion to Dismiss for Lack of Prosecution or, in the Alternative, Motion to Compel Arbitration, arguing that this cause of action should be dismissed given Plaintiffs' failure to file an amended demand for arbitration. In response, for the first time Plaintiffs assert that the AAA never expressly ordered them to amend their demand, instead merely requesting that they do so. Despite this contention by Plaintiffs, on September 6, 2013 – the day following the filing by Defendants of their motion to dismiss for lack of prosecution – Plaintiffs filed an "amended" demand for arbitration with the AAA. However, their "amended" claim is essentially identical to the consolidated claim they filed originally with the AAA. The similarity between the demands by Plaintiffs prompted Defendants to file an identical jurisdictional challenge to the "amended" claim with the AAA to that which it had filed in response to Plaintiffs' first claim.

5

In response to Defendants' renewed objection, the AAA emailed the parties on October 2, 2013, stating in relevant part as follows:

> Referring to the AAA's April 4, 2012 e-mail, while Claimant has met the filing requirements contained in the AAA's rules, due to the consolidated nature of the claims asserted, Claimant was requested to file an amended demand so that only the signatories to a single contract were identified as parties in the case. Claimant must file separate demands for their claims arising under each of the contracts containing arbitration clauses.
>
> While the AAA indicated that we will abide by any order issued by the courts, after careful review of the parties' recent submissions, we are unable to identify any order specifically requiring that the administration of this matter proceed on a consolidated basis. Therefore, we are unable to proceed with the continued administration of the case as currently filed.
>
> Once an amended demand is filed, the parties will have the opportunity to submit any jurisdiction or arbitrability arguments to the arbitration panel for a determination.

Docket No. 104-3.

In response to this email directive from the AAA, Plaintiffs filed with us a Motion for Order of Clarification for the AAA on October 10, 2013, interpreting it as the AAA case manager's request "for a Court order to interpret the arbitration provision to allow the appointment of an arbitrator on a consolidated basis." Pls.' Reply at 8. Plaintiffs therefore seek from us an order referring Plaintiffs' claims "to a <u>single</u> arbitration panel to proceed with arbitration, *as currently filed*." *Id*. (emphasis in original). In response, according to Plaintiffs, Defendants would be "free to bring their motion to sever to the Arbitration Panel, so long as it is provided for by AAA rules." *Id.* We address this request below.

## Discussion

The frustrating fact before us in this case is that arbitration has been at a standstill since April 2012, when the AAA case manager requested that Plaintiffs file an amended demand based on the signatories to each separate contract. For some reason, Plaintiffs have chosen not to comply with that request. Plaintiffs' illusory "amended demand" which it filed the day after Defendants filed their motion to dismiss for failure to prosecute was more gamesmanship since their amended filing was essentially identical to their initial demand. The AAA case manager's directive to file an amended demand was the condition precedent to arbitration. The Magistrate Judge clearly recognized this in his report and recommendation on Plaintiffs' Motion to Stay/Compel Arbitration denying the motion to compel arbitration. Citing the AAA's April 2012 order, our order stated that Plaintiffs would be entitled to proceed with arbitration "upon the filing [with the AAA] of an Amended Demand."

In what appears to us to be primarily just one more delaying tactic, Plaintiffs seek an order of clarification authorizing the AAA to conduct the arbitration of their claims on a consolidated basis. It is undisputed, however, that the arbitration clauses at issue include no provision relating to consolidation, never mind an explicit authorization of consolidated proceedings. In addition, under controlling Seventh Circuit precedent, "the question of whether an arbitration agreement forbids consolidated arbitration is a procedural one, which the arbitrator should resolve." *Employers Ins. Co. of Wausau v. Century Indem. Co.*, 443 F.3d 573, 577 (7th Cir. 2006) (citations omitted); *see also Blue Cross Blue Shield of Mass., Inc. v. BCS Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011)

(recognizing that the arbitrator has the discretion to interpret an arbitration clause to analyze whether it allows consolidated arbitration). Given the absence of any specific reference(s) to consolidation of cases in the arbitration clauses at issue here, including any requirement that the court rather than the arbitrator resolve the issue, it becomes a procedural issue for the arbitrator to decide. Accordingly, we shall leave the matter there, expressing no view as to whether arbitrating the five limited partnership agreements in one arbitration conflicts with the terms of the arbitration clauses. That said, Plaintiffs' motion seeking an order directing that the matter proceed with consolidated arbitration is not well taken. *See Blue Cross Blue Shield*, 671 F.3d at 639 ("The only question that a court should address before arbitration starts is whether the parties have agreed to arbitrate at all.") (citation omitted). Thus, Plaintiffs' Motion for Order of Clarification for the AAA is <u>DENIED</u>.

Plaintiffs' failure to file an appropriate amended demand with the AAA, despite having been instructed to do so some nineteen months ago, sets the stage for us to <u>GRANT</u> Defendants' Motion to Compel Arbitration, pursuant to 9 U.S.C. § 4. The arbitrator, once assigned, shall determine whether the arbitration will proceed on an individual case or a consolidated basis. Plaintiffs are hereby ordered to file an amended demand for arbitration that conforms to the requirements set out in the AAA's email communications dated April 10, 2012 and October 2, 2013 within thirty (30) days following the issuance of this order.[2] The Court will retain jurisdiction over this litigation pending arbitration. The parties accordingly are ordered to file a joint stipulated

---

[2] We can foresee Plaintiffs choosing to identify a test case to pursue arbitration.

status report within forty (40) days following the issuance of this order. If arbitration is not promptly pursued, this action will be subject to dismissal. The Magistrate Judge's discovery order is also STAYED.

## Conclusion

For the foregoing reasons, we DENY Plaintiffs' Motion for Order of Clarification for the AAA; GRANT Plaintiffs' Motion for Court to Consider Responsive Exhibits; GRANT Defendants' Motion to Compel Arbitration; and STAY the Magistrate Judge's discovery order pending completion of the arbitration proceedings.[3] Defendants' objection to the Magistrate Judge's discovery order is DENIED with permission to refile if necessary following the arbitration.

IT IS SO ORDERED.

Date: 11/27/2013

*signature*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[3] Both parties have requested attorneys' fees for the preparation of certain motions that they contend were frivolous. However, we DENY both requests.

Distribution:

Mark E. Maddox
MADDOX HARGETT & CARUSO, PC
mmaddox@mhclaw.com

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, PC
tkcaldwell@mhclaw.com

Timothy John Kirk
MADDOX HARGETT & CARUSO, PC
kirktjohn@mhclaw.com

Edwin L. Sisam
SISAM & ASSOCIATES, LLP
ed@sisam.com

Joshua H. Sisam
SISAM & ASSOCIATES, LLP
josh@sisam.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Clay W. Havill
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
chavill@zsws.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com